UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| QUENTIN ROBINSON | CIVIL ACTION NO. 18-1151 |
| | SECTION P |
| VS. | JUDGE TERRY A. DOUGHTY |
| SONYA SMITH, ET AL. | MAG. JUDGE KAREN L. HAYES |

### REPORT AND RECOMMENDATION

Plaintiff Quentin Robinson, a prisoner at Franklin Parish Detention Center proceeding pro se and in forma pauperis, filed the instant Complaint on August 31, 2018, under 42 U.S.C. § 1983. He names the following Defendants: Sonya Smith, Allen Mulkey, and Dana Lee.[1] For reasons that follow, the claims in Plaintiff's first amended pleading should be dismissed with prejudice.[2]

### Background

Plaintiff alleges that, on August 23, 2018, he requested medical care because he was urinating blood and suffering from pain in his lower back and abdomen. [doc. # 1, p. 3]. He was "seen by Sonya Smith," a nurse, who asked him if he could provide a urine sample. *Id.* Because Plaintiff could not urinate immediately, Nurse Smith informed him that "there was nothing she could do." *Id.* Plaintiff faults Nurse Smith for failing to check his vital signs and for otherwise providing inadequate care. *Id.*

---

[1] This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the Court.

[2] Plaintiff sets forth additional claims in his pleadings that are not subject to the instant Report and Recommendation. The undersigned directed the Clerk of Court, in a separate Memorandum Order, to serve Plaintiff with summons forms for the additional claims.

Thereafter, Sgt. Mulkey instructed Plaintiff to return to the dorm. *Id.* When Plaintiff asked Sgt. Mulkey if he could explain his continuing medical needs to a "ranking officer," Sgt. Mulkey twisted Plaintiff's arm behind his back, marched him to the dorm, and attempted to shove him in the dorm. *Id.* at 3-4. Plaintiff refused to enter, explaining that he remained in pain and "only wanted medical help." *Id.* at 4. After he "jerked away from Sgt. Mulkey," Sgt. Ezell shocked Plaintiff with a Taser and Sgt. Mulkey slammed him to the concrete, dislocating his shoulder. *Id.* Plaintiff alleges that he did not receive any medical care until approximately six days later. *Id.*

Plaintiff requested care on August 27, 2018, because he continued to urinate blood and his shoulder remained dislocated. *Id.* He claims, however, that he was "never seen." *Id.*

Plaintiff was, nevertheless, "seen" by a nurse two days later. *Id.* She examined his shoulder and informed him that he "needed to be seen by a doctor who could put [his] shoulder back in place." *Id.* Plaintiff complains that the nurse did not "take" his vital signs and did not prescribe any medication. *Id.* He continues to suffer excruciating pain. [doc. #s 1; 10, p. 1].

Plaintiff received further care on September 11, 2018, following his request for care on September 10, 2018. [doc. # 10, p. 2]. Nurses gave him enough "muscle rub" and pain medication for the next two weeks. *Id.* He implies, however, that he did not receive a response after he again requested care on September 20, 2018.

Plaintiff filed an amended pleading on September 25, 2018, raising "questions concerning the conditions of" the detention center. [doc. # 6, p. 1]. He claims: (1) facility officials are opening inmates' legal mail, copying the mail, and shredding the originals; (2) officials are informing inmates that there are no "A.R.P.s"; (3) some inmates may have to sleep on the floor if

officials force all of the inmates to sleep in bunks; (4) convicted inmates are housed with pre-trial detainees; (5) Plaintiff required a notary to complete his in forma pauperis application, but he missed his opportunity to see the notary because he was never "called"; (6) there are "no muslum [sic] gatherings at all"; and (7) inmates do not receive the same lunch Monday through Friday that they receive on Saturday and Sunday. *Id.* at 2-3.

Plaintiff filed a second amended pleading on October 16, 2018. [doc. # 10]. He alleges that, while Nurse Dana Lee and Nurse Sonya Smith respond to some of his "routine sick call[s]," they do not always "call [him] out." *Id.* at 1. He suggests that he requested care on October 2, 2018. *Id.* at 2. On October 4, 2018, a physician examined him, x-rayed him, found that he did not have any broken bones, administered two shots, and prescribed a muscle relaxer. *Id.* at 1. Plaintiff claims, however, that "they" have not given him his prescription. *Id.*

Plaintiff also attempts to clarify his excessive force claim, alleging that he "never showed any type of resistance until [Sgt. Mulkey spun him] around and [his] face hit the side of the door, causing [him] to jerk away" to protect himself. *Id.* He maintains that he never posed a threat. *Id.* He continues to suffer from excruciating pain and loss of sleep as a result of Sgt. Mulkey's actions. *Id.*

Plaintiff asks the Court to order medical treatment, to award punitive damages, and to award $2,500 for each day of pain and suffering he endured and continues to endure. *Id.* at 5.

### Law and Analysis

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to

preliminary screening pursuant to 28 U.S.C. § 1915A.[3] See *Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (*per curiam*). Because he is proceeding in forma pauperis*,* his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Likewise, a complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

A civil rights plaintiff must support his claims with specific facts demonstrating a

---

[3] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft*, 556 U.S. at 662; *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

**2. Conditions of Confinement**

In his first amended pleading, Plaintiff asks the Court to opine on the legality of seven actions: (1) facility officials are opening inmates' legal mail, copying the mail, and shredding the originals; (2) officials are informing inmates that there are no "A.R.P.s"; (3) some inmates may have to sleep on the floor; (4) convicted inmates are housed with pre-trial detainees; (5) Plaintiff required a notary to complete his in forma pauperis application, but he missed his opportunity to see the notary because he was never "called";[4] (6) there are "no muslum [sic] gatherings"; and (7) inmates do not receive the same lunch Monday through Friday that they receive on Saturday and Sunday. [doc. # 6, pp. 1-3].[5]

---

[4] The Court granted Plaintiff's Application to Proceed In Forma Pauperis on September 27, 2018. [doc. # 8].

[5] Plaintiff does not appear to seek any relief for these actions. "[A] federal court has neither the power to render advisory opinions nor 'to decide questions that cannot affect the rights of litigants in the case before them.' Its judgments must resolve 'a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as

5

These conclusory claims should be dismissed because Plaintiff does not allege that any Defendant was responsible.[6] See *Sanchez v. Davis*, 735 F. App'x 172, 173 (5th Cir. 2018) (affirming dismissal because the plaintiff did not show that the defendant "was personally responsible for any of these acts . . . ."). Section 1983 provides in relevant part: "Every person who . . . *subjects, or causes to be subjected*, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983 (emphasis added). If a person is not personally involved, then, *a fortiori*, he cannot subject another to, or cause, a deprivation of constitutional rights. See *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action.").

## Recommendation

For the foregoing reasons, **IT IS RECOMMENDED** that the claims listed in Plaintiff Quentin Robinson's first amended pleading, [doc. # 6], be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state claims on which relief can be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation

---

distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) (quoting *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)). Because Plaintiff simply asks the Court to provide legal advice, he lacks a legally cognizable interest in the outcome of the proceeding: a favorable judicial decision will not, in other words, redress any injury because he seeks no redress. Nevertheless, because Plaintiff does seek compensation for other actions, and because his claims are construed liberally and in his favor, the undersigned declines to recommend dismissing these claims as moot.

[6] After he filed these claims, the Court specifically instructed Plaintiff to describe how each Defendant participated in the violation of his constitutional rights. [doc. # 9, p. 3].

to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error**. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 23rd day of October, 2018.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE