UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **QUENTIN ROBINSON** | * | **CIVIL ACTION NO. 18-1151** |
| **VERSUS** | * | **JUDGE TERRY A. DOUGHTY** |
| **SONYA SMITH, ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to dismiss filed by defendants Sonya Smith, Allen Mulkey, and Dana Lee ("Defendants") [doc. # 17]. For reasons set forth below, it is recommended that the motion be **GRANTED**.

## Background

On August 31, 2018, plaintiff Quentin Robinson, an inmate formerly housed at the Franklin Parish Detention Center ("FPDC") proceeding pro se and *in forma pauperis*, filed the instant suit pursuant to 42 U.S.C. § 1983. [doc. # 1]. He alleges that on August 23, 2018, he made a sick call because he was urinating blood and had pain in his lower back and abdomen. He claims Defendant Smith, a nurse at FPDC, provided inadequate medical care. (*Id.* at 3).

Thereafter, Defendant Mulkey, a sergeant at FPDC, told him to go back to his dorm. When Robinson requested to speak to a ranking officer, Mulkey twisted Robinson's arm behind his back, marched him to his dorm, and attempted to shove him inside. Robinson noted he refused to go in the dorm, stated he wanted medical help, and jerked away from Mulkey. As Robinson jerked away, another prison official shot Robinson with a Taser, and Mulkey slammed Robinson on the concrete, dislocating his shoulder. Robinson alleges Mulkey's actions constitute excessive force. (*Id.* at 3–4).

Robinson also claims he made a sick call on August 27, 2018 but was never seen. He made a sick call again on August 29, 2018 and was seen by a nurse who informed Robinson that he needed to see a doctor to put his shoulder back in place. He claims his vital signs were not taken and he was not given any medication. (*Id.* at 4).

On September 25, 2018, Robinson filed an amended pleading adding Lee, another nurse at FPDC, as a defendant. He made various allegations about FPDC, unrelated to his initial claims. [doc. # 6].

On October 16, 2018, Robinson filed a second amended pleading, alleging that Smith and Lee have not provided him with adequate medical care because when he makes routine sick calls, they sometimes "call [him] out but other times not." [doc. # 10 at 1]. Robinson also outlined the medical treatment he received since filing his initial complaint. (*Id.* at 2). Further, he clarified his excessive force claim, alleging that he did not resist "until [Mulkey] proceeded to spin [him] around and [his] face hit the side of the door causeing [sic] [him] to jerk away" to protect himself. (*Id.* at 2). The other officer then Tasered Robinson though he "never posed as a threat." (*Id.*)

Robinson attached an administrative remedy procedure ("ARP") form dated October 3, 2018 to his second amended pleading. On the form, he states that he dislocated his right shoulder on August 23, 2018, is in excruciating pain, and has been denied medical treatment, and he requests to be transferred to a different facility. Robinson notes that he previously submitted an ARP but received no response, and therefore filed a lawsuit. A prison official responded to the ARP on October 9, 2018. [doc. # 10-1 at 4].

This Court conducted a preliminary screening of Robinson's claims pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2) and dismissed his first amended pleading with prejudice, [doc. # 6], as frivolous and failing to state a claim on which relief can be granted. [docs. # 11, 14].

On December 28, 2018, Defendants filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). [doc. # 17]. Defendants claim that Robinson's suit should be dismissed because Robinson has failed to properly exhaust available administrative remedies in accordance 42 U.S.C. § 1997e(a), as amended by the Prison Litigation Reform Act ("PLRA"). On January 18, 2019, Robinson filed a response. [doc. # 21].[1] Defendants filed a reply on January 23, 2019. [doc. # 23]. This matter is ripe.

## Standard of Review

Federal Rule of Civil 12(b)(6) sanctions dismissal when a plaintiff fails "to state a claim upon which relief can be granted." A pleading states a claim for relief when, *inter alia*, it contains "a short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it contains sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility requires more than just the "sheer possibility" that a defendant acted unlawfully, *id.*; it calls for

---

[1] Robinson stylized his response as a motion for reconsideration. [doc. # 21]. The Court found that Robinson erroneously interpreted Defendants' motion as a dismissal of his suit and construed his filing as a response to Defendants' motion. [doc. # 22].

3

enough facts "to raise a reasonable expectation that discovery will reveal evidence" to support the elements of the claim. *Twombly*, 550 U.S. at 556. Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" do not suffice. *Id.* at 555. In deciding a Rule 12(b)(6) motion to dismiss, a court must accept as true all factual allegations, although the same presumption does not extend to legal conclusions. *Iqbal*, 556 U.S. at 678.

The failure to exhaust under the PLRA is an affirmative defense, which plaintiffs are not required to plead in their complaints. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Affirmative "defenses are generally not the proper subject of Rule 12(b)(6) motions." *Songbyrd, Inc. v. Bearsville Records, Inc.*, 104 F.3d 773, 775 n.3 (5th Cir. 1997). Instead, "the exhaustion defense is best presented by a motion for summary judgment that is supported by an affidavit from the official who administers the ARP system." *Thomas v. Goodwin*, No. 16-CV-1593, 2018 WL 1613794, at *2 (W.D. La. Mar. 6, 2018). The moving party can assert an affirmative defense in a Rule 12(b)(6) motion only if it "clearly appear[s] on the face of the plaintiff's complaint." *Songbyrd, Inc.*, 104 F.3d at 775 n.3.

## Discussion

### I. Exhaustion Requirement

Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This provision "requires prisoners to exhaust prison grievance procedures *before* filing suit." *Jones*, 549 U.S. at 202 (emphasis added).

A prisoner is required to exhaust "available" administrative remedies, meaning those "grievance procedures that are 'capable of use' to obtain 'some relief for the action complained

4

of.'" *Ross v. Blake*, 136 S. Ct. 1850, 1858–59 (2016) (citations omitted). Exhaustion is mandatory "even where the relief sought . . . cannot be granted by the administrative process." *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). The requirement "applies to all inmate suits about prison life" including those that allege the denial of medical care. *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see Harris v. Hegmann*, 198 F.3d 153, 157–58 (5th Cir. 1999). Proper exhaustion also requires that a prisoner comply with administrative deadlines and procedural rules. *See Woodford*, 548 U.S. at 90–91.

Ignorance of a prison's administrative grievance process is no excuse for noncompliance. *Pratt v. Deville*, No. CV 15-0129, 2016 WL 1602948, at *3 (W.D. La. Feb. 23, 2016) (collecting cases). However, a prisoner should have an "avenue[] for discovering the procedural rules governing their grievances." *Dillon v. Rogers*, 596 F.3d 260, 268 (5th Cir. 2010). If an inmate cannot verify the administrative grievance process, incorrect statements by prison officials may render remedies unavailable. *Id.*

The purpose of the exhaustion requirement is to afford prison "officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Porter*, 534 U.S. at 525. Although Section 1997e(a) does not specify the detail required for an administrative grievance, a grievance should be considered sufficient if it "gives officials a fair opportunity to address the problem that will later form the basis of the lawsuit." *Johnson v. Johnson*, 385 F.3d 503, 516–17 (5th Cir. 2004).

II. **Analysis**

Defendants claim that Robinson was aware that FPDC has an ARP but failed to exhaust his administrative remedies before filing suit. In support of their claim, they note that Robinson filed this lawsuit on the same day that he submitted an administrative grievance based on the

same facts that form the basis of the suit. [doc. # 17-1 at 5]. Robinson attached the administrative grievance to his initial pleading, and both are dated August 29, 2018. [*see* docs. # 1 ¶ VI, 1-2]. In his complaint, Robinson states that he filed an ARP but filed this lawsuit to seek immediate help because he had yet to receive a response. [doc. # 1 ¶ II.b.3].

In response, Robinson states that he was "inadequately informed of the correct filing procedure" and has since "learned that an inmate grievance is in fact the first step to properly began [sic] the ARP procedure." [doc. # 21]. He requests the opportunity to re-file his claim . . . before procedding [sic] back into Court." (*Id.*)

The requirement that plaintiffs exhaust available remedies before filing suit "allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court. This has the potential to reduce the number of inmate suits, and also to improve the quality of suits that are filed by producing a useful administrative record." *Jones*, 549 U.S. at 204. Because Robinson filed this lawsuit on the same day that he submitted an administrative grievance regarding the same facts, he deprived prison officials of a fair opportunity to address his problems. Likewise, given that his October 3, 2018 ARP is also based on the same facts, Robinson clearly prematurely filed this lawsuit.

Although Robinson was not required to affirmatively plead exhaustion, he admitted in his pleadings that he submitted an ARP grievance and filed this lawsuit on the same day, and he does not contend otherwise in response to the motion to dismiss. Further, considering Robinson's request for the ability to pursue available administrative remedies and then return to court, [doc. # 21], dismissal is appropriate at this time.

## Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Defendants' motion to dismiss [doc. # 17] be **GRANTED** and Plaintiff's claims be **DISMISSED** without prejudice, but with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915.[2]

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Report and Recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the District Judge at the time of filing. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before the Judge makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 1st day of February 2019.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

---

[2] *Fitch v. LA Dept of Pub. Safety & Corr.*, No. CIV.A. 08-CV-1126, 2009 WL 1076749, at *3 (W.D. La. Apr. 20, 2009) (collecting cases and dismissing Plaintiff's complaint with prejudice for the purpose of proceeding *in forma pauperis*).